# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:** | **CASE: 20-03516-MCF** |
| **KIAMESHA GARAY** | **CHAPTER: 13** |
| **Debtor** | |

## OBJECTION TO PLAN

**TO THE HONORABLE COURT:**

Comes now as **ORIENTAL BANK** ("Oriental"), represented by the undersigned attorneys, and respectfully states and prays as follows:

1. Debtor has filed a plan in this case at docket # 3. The debtor proposes to pay ORIENTAL BANK $8,350.00 for a MITSUBISHI OUTLANDER. The Bank's claim is for $18,983.00 (Claim # 1). Debtor's counsel has **not** pictures of the vehicle and a valuation.

2. In any event, the bank will evaluate debtor's proposed treatment to negotiate an agreement, or whether an inspection by an appraiser is necessary. In addition, FRBP 3012(b) requires that there be a hearing on valuation of the collateral with notice to the secured creditor. As a holder of a duly secured agreement Oriental hereby respectfully requests from this Honorable Court to enter an Order denying confirmation of the proposed Plan based on the following:

> Most estimates of private value for vehicles of similar make and model are from the market of the United States of America and do not take into consideration maritime and

transportation freight costs and excise taxes and other costs. Therefore, it cannot by itself constitute a reliable source to estimate value in Puerto Rico. Oriental then reserves its right to examine and appraise the vehicle.

3. Also, Oriental bank is entitled to present value at a rate of 4.50% per annum of the secured portion of claim #3 (*Till v. SCS Credit Corp, 541 US 465 (2004)* taking into consideration debtors pre-petition default.

4. The confirmation hearing date has been set in this case for November 6, 2020 at 1:30 pm.

**WHEREFORE**, it is respectfully requested from this Honorable Court to deny the confirmation of debtor's plan unless an agreement is reached on the value of the vehicle with a present value rate.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. bank P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the Motion herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and request a hearing. If no objection or other response is filed within the time allowed herein, the Motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; against public policy; (ii) the requested relief is forbidden by public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**I HEREBY CERTIFY**: On this same date I have electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will sent notification of such filing to debtor's attorney, the Chapter 13 Trustee and to all CM/ECF

participants.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico on the 13th day of October, 2020.

| | |
|---|---|
| */s/William Santiago-Sastre* | */s/Wilmer Morales-Fonseca* |
| William Santiago-Sastre, Esq. | Wilmer Morales-Fonseca, Esq. |
| USDC PR 201106 | USDC PR 225213 |
| E-Mail: wssbankruptcy@gmail.com | E-Mail: wmoralesfonseca@gmail.com |

DE DIEGO LAW OFFICES, PSC
**Attorney for ORIENTAL BANK**
PO Box 79552, Carolina, PR 00984-9552
Tel: 787-622-3939